BOWEN, Judge.
M.A.T.[1] pleaded guilty to the offense of assault in the third degree and was treated as a youthful offender. His sentence of three years’ imprisonment was “split”[2] with a period of imprisonment of 180 days, successful completion of prison “boot camp,”[3] and five years’ supervised probation. He raises two issues on this appeal from that conviction.
I.
The sentence imposed on the defendant exceeded the jurisdiction of the trial court. The defendant was “convicted” *1017 of assault in the third degree under Ala. Code 1975, § 13A-6-22. This offense is a Class A misdemeanor punishable by “imprisonment in the county jail or to hard labor for the county” for “not more than one year.” § 13A-5-7(a)(1). The maximum period of probation for a misdemean- or is two years. § 15-22-54(a). These provisions are applicable to a person adjudged a youthful offender. See § 15-19-6(d). This error is candidly admitted by the Attorney General. Furthermore, we find no statute authorizing a trial court to sentence a youthful offender adjudged guilty of a misdemeanor to “boot camp” under the Department of Corrections.
Therefore, this cause is remanded to the trial court with directions that within 30 days of the date of this opinion, the original sentence be set aside and the defendant sentenced within the authorized range of punishment allowed by law.
II.
The defendant argues that Ala. Code 1975, § 15-12-25, is unconstitutional because it permits the trial court to condition probation upon reimbursement by an indigent defendant of the fees and expenses of appointed counsel and permits the incarceration of an indigent defendant for a failure to reimburse. This issue is moot because the defendant’s sentence has been set aside in Part I of this opinion. Furthermore, this issue was not presented to the trial court and has not been properly preserved for appellate review.
REMANDED WITH INSTRUCTIONS.
All judges concur.

. Rule 52, A.R.App.P., provides that "[i]n any case involving ... a person granted youthful offender status, ... the appellate court shall make reasonable efforts to preserve the anonymity of such a person.”

. Ala.Code § 15-18-8(a)(1) (Supp.1990).

. Ala.Code § 15-18-8(a)(2) (Supp.1990).